Lusanga v.Lynch

BIA
Straus, IJ
A072 484 945

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand fifteen.

PRESENT:
JON O. NEWMAN,
RALPH K. WINTER,
PETER W. HALL,
*Circuit Judges.*

_____

LUSANGA GRACIAS LUSANGA, AKA EFILE
MASANKA, AKA LUSANGA LUSANGA GRACIA,
    *Petitioner,*

    v.                    12-3776
                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke M.

**Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lusanga Gracias Lusanga, a native and citizen of the Democratic Republic of the Congo ("DRC"), seeks review of a January 13, 2012, decision of the BIA (reissued on August 31, 2012) affirming an Immigration Judge's ("IJ") September 1, 2011, denial of adjustment of status and deferral of removal under the Convention Against Torture ("CAT"). *In re Lusanga Gracias Lusanga*, No. A072 484 945 (B.I.A. Jan. 13, 2012), *aff'g* No. A072 484 945 (Immig. Ct. Hartford Sept. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Our jurisdiction is limited to review of constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B) (limiting review of denials of discretionary waivers), (C) (precluding review of final orders of removal based on aggravated felony convictions), (D) (restoring jurisdiction over "constitutional claims or questions of law"); *Ortiz-Franco v. Holder*, 782 F.3d 81, 85 (2d Cir. 2015) (holding that jurisdictional bar of § 1252(a)(2)(C) applies equally to CAT claims).

Here, we lack jurisdiction to review the denial of a waiver because Lusanga does not raise a reviewable constitutional claim or question of law. Lusanga argues only that the IJ failed to consider all of the positive factors supporting a grant of the waiver--including his fear of returning to the DRC and the hardship of living in a country that has problems with violence and human rights abuses. This argument does not present a constitutional claim or question of law. The record shows that the IJ weighed all the factors. Accordingly, this challenge to the weight of the evidence merely "disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

3

Lusanga's challenges to the denial of CAT relief fail, either on the merits, or as factual challenges for which there is no jurisdiction. First, Lusanga raises a question of law as to whether the agency erred by requiring him to show he would be tortured based on a protected ground, a requirement only relevant to asylum and withholding of removal. However, contrary to Lusanga's argument, the agency did not require him to make such a showing; rather, the IJ applied the correct standard and determined "there's simply not enough evidence based on this record that the threat of torture rises to the level of more likely than not." Certified Administrative Record at 47; *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

The agency's discussion of Lusanga's political affiliations was the product of Lusanga's argument that his family was forced to flee the DRC in the early 1990s because of his father's political allegiances. Thus, the IJ simply analyzed whether Lusanga would be tortured on the basis he suggested, his father's former political ties. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

4

Second, Lusanga argues that the IJ misconstrued and misinterpreted the evidence in concluding that there was insufficient evidence of torture in the DRC. As this is neither a question of law nor a constitutional claim, we lack jurisdiction to consider it. *Ortiz-Franco*, 782 F.3d at 86.

Lusanga also seems to raise, indirectly, a claim that the IJ prevented him from testifying fully based on two incidents during the merits hearing. This is essentially a due process claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Lusanga cites one incident where the IJ asked him whether the Mobutu government was overthrown in 1997; Lusanga answered that it was, and as he began to further state his claims, the IJ cut him off and told him to limit himself to the question. The second incident involved testimony about his fear of returning to the DRC, during which he began to identify his country conditions evidence. The IJ interrupted, stating he would read the documents. The IJ then provided a summary of what he understood Lusanga's fear to be premised upon, and Lusanga confirmed that the IJ correctly described the basis for his fear. These two isolated incidents do not amount to a due process violation. Other portions of the testimony, specifically his direct testimony, show that Lusanga had sufficient opportunity to develop his claims.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk